IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA PLAINTIFF

VS. CRIMINAL NO. 5:26-50016 TLB

AARON BROSHOUS DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Such a hearing was conducted on October 28, 2026, and pursuant to a written plea agreement, Defendant Aaron Broshous entered a plea of guilt to Count Two of the Indictment charging him with the offense of aiding and abetting in the knowing possession with intent to distribute more than fifty (50) grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) and 18 U.S.C. § 2. The Government agrees to dismiss the remaining charge against Defendant at the appropriate time.

After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned makes the following factual findings:

1. The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the change of plea hearing, to the entry of his guilty pleas before the undersigned with Defendant's pleas of guilt subject to final approval by Chief United States District Judge Timothy L. Brooks. *United States v. Torres,* 258 F.3d 791, 796 (8th Cir. 2001).

2. The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court pursuant to Rule 11(c)(2), and the undersigned has directed that the

plea agreement be filed. (ECF No. 45).

3. The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable minimum and maximum penalties, and the consequences of pleading guilty to Count Two.

4. Defendant is fully satisfied with his counsel and has had sufficient time to consult with counsel.

5. Defendant's plea of guilt is knowing and voluntary and is supported by an independent basis in fact containing each of the essential elements of the offense charged.

6. The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

7. The parties were informed, both in writing in the plea agreement and on the record at the hearing, of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation. *See* F.R. Crim. P. 59(b)(2). To expedite the district court's acceptance of Defendant's guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

8. Based on the foregoing, the undersigned recommends that Defendant's guilty plea be accepted. The written plea agreement will be subject to approval by the District Judge at sentencing.

**RECOMMENDED** this 28th day of October 2026.

Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE